UNITED STATES DISTRICT COURT FOR
EASTERN DISTRICT OF MICHIGAN

UNITED STEEL, PAPER AND FORESTRY, RUBBER,
MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND
SERVICE WORKERS INTERNATIONAL UNION,
AFL-CIO/CLC.

                              Plaintiff,

v.

DOW CHEMICAL COMPANY,

                              Defendant.
_____

## COMPLAINT

Plaintiff United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union AFL-CIO/CLC ("USW") submits this complaint against the Dow Chemical Company ("Dow Chemical" or Defendant):

1. Plaintiff USW seeks to enforce a right under the collective bargaining agreement to recover vacation monies owed when employees were terminated by the Defendant Dow Chemical Company.

### Jurisdiction, Venue and Parties

2. The Court has jurisdiction pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185 and *Groves v. Ring Screw Works*, 498 U.S. 168 (1990).

3. Plaintiff USW is a labor organization representing employees in industries affecting commerce within the meaning of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§142, 152 and 185, and provides such representation within the State of Michigan and in the geographic area within this Court's jurisdiction.

1

4. Defendant Dow Chemical is an employer authorized to do business in the State of Michigan and is engaged in an industry affecting commerce as defined in the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§142 and 152. Dow Chemical's headquarters are at 2030 Dow Center, Midland, Michigan 48674.

5. Plaintiff USW has, for all time material hereto, been the recognized bargaining representative of the bargaining unit employees at Dow Chemical's former Ludington, Michigan, plant.

## Facts

6. Plaintiff USW and Defendant are parties to a collective bargaining agreement effective October 17, 2005 through October 19, 2010, which applies to bargaining unit employees at Defendant's Ludington plant.

7. The CBA contains a grievance procedure that provides for the prompt resolution of "requests or complaints," through a several step procedure to allow for the adjustment of grievances. The CBA does not provide for mandatory arbitration of non-discharge grievances.

8. According to Appendix D of the CBA, as of January 1, 2008, employees would be awarded vacation benefits according to the Dow Chemical Company United States Pay Practices ("USPP").

9. On April 8, 2009, the parties signed a letter of understanding ("LOU") as to the implementation of Appendix D. Section 5.02 of the LOU states that "[u]pon termination of employment, employees will be paid their earned vacation that has not been used."

10. In May of 2009, Dow Chemical announced its intention to sell the Ludington, Michigan plant to the Occidental Petroleum Corporation ("OXY").

11. On or about June/July 2009, Dow Chemical sold the plant to OXY and terminated the employment of USW-represented employees at the Ludington plant.

12. Defendant Dow Chemical did not pay employees their earned vacation pay.

13. The USW filed a grievance concerning earned and accrued vacation.

14. Plaintiff USW and Defendant Dow Chemical processed the grievance. Dow Chemical declined to agree to voluntary arbitration in October 2009.

## COUNT I: Breach of CBA

15. The Court has jurisdiction pursuant to Section 301 of the Labor-Management Relations Act, 29 U.S.C. §185, to enforce the CBA because arbitration is not mandatory.

16. Defendant has refused to pay vacation monies owed to USW-represented employees who were terminated from Defendant's employment.

17. Defendant's failure to comply with the CBA constitutes a breach of the CBA and a violation of Section 301 of the LMRA.

18. As a result, Plaintiff USW asks the Court to direct Defendant to comply with the CBA and to pay all USW-represented employees all their vacation monies owed, plus interest and other damages.

## Relief

As a result, Plaintiff asks the Court to enter a judgment and order:

1. Finding Defendant in breach of the CBA;

2. Directing Defendant to pay all vacation pay owed to USW-represented employees, plus interest and attorney fees and cost. The vacation monies shall be paid directly to the unit employees; and

3. Issue any other relief as may be just and proper.

                                                            s/Robert D. Clark
                                                            Robert D. Clark
Assistant General Counsel
United Steelworkers
Five Gateway Center, Room 807
Pittsburgh, Pennsylvania 15222
(412) 562-2545; (fax) (412) 562-2574
rclark@usw.org

s/John G. Adam
John G. Adam (P37205)
Martens, Ice, Klass, Legghio & Israel, P.C.
306 South Washington, Suite 600
Royal Oak, Michigan 48067
(248) 398-5900; (fax) (248) 398-2662
jga@martensice.com

Attorneys for Plaintiff USW

Dated:  April 12, 2010